IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GROENDYKE TRANSPORT, INC.,<br>a/k/a MCKENZIE PROPERTY MANAGEMENT, INC.<br>f/k/a MCKENZIE TANK LINES, INC.,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, against Defendant, Groendyke Transport, Inc., a/k/a McKenzie Property Management, Inc., f/n/a McKenzie Tank Lines, Inc. (hereinafter "Defendant"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to William Eddins, Jr., ("Eddins" or "Charging Party") and Thomas Mathis ("Mathis"), an aggrieved individual, who were adversely affected by such practices. All references herein to the ADA include the Americans with Disabilities Act Amendments Act of 2008.

As alleged with greater particularity below, Plaintiff, the United States Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant failed to provide a reasonable accommodation and terminated Eddins and Mathis because of their disabilities in violation of 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

1

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed in Pensacola, Florida, within the jurisdiction of the United States District Court for the Northern District of Florida.

## PARTIES

3.  Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a corporation doing business in the State of Florida and in the city of Pensacola and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Eddins filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. On April 22, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated with respect to Eddins and Mathis and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 11, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Since at least January 10, 2017, Defendant has maintained and applied in practice a leave policy which does not consistently provide for reasonable accommodation of qualified individuals with disabilities, and instead, provides for termination of their employment in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A).

13. Defendant's policy is to terminate employees who are not able to return from FMLA leave after 12 weeks of leave. Defendant policy states, in part, "Failure to return to full duty from a designated FMLA leave or failure to return to full duty after exhausting all available FMLA leave (other than FMLA leave running concurrent with workers' compensation) for the current 12-month period will result in termination of employment."

14. Eddins is a qualified individual with a disability who could perform the essential functions of his job with or without an accommodation. He was employed by Defendant as a tractor trailer mechanic in Pensacola, Florida from on or about September 8, 1986 until Defendant terminated his employment on or about July 26, 2017.

15. On or about November 28, 2016, Eddins requested, and was granted, FMLA leave due to a staphylococcus infection in his right forearm. Eddins required surgery to treat the infection, which ultimately caused nerve damage.

16. On or about February 1, 2017, Eddins returned to his employment without restriction. Eddins provided medical documentation to his Terminal Manager, Jason Mannion, to this effect.

17. On or about July 6, 2017, Eddins requested FMLA leave again to address nerve damage caused by the staphylococcus infection. Approximately two weeks later, on or about July 20, 2017, Eddins was released to work on a light-duty basis by his medical provider. Eddins again provided medical documentation to his terminal manager, Jason Mannion, to this effect, and requested reasonable accommodation based on his medical restriction. Defendant denied Eddins' request indicating that no light-duty positions existed. As a result, Eddins was required to remain on FMLA leave.

18. On or about July 26, 2017, Eddins exhausted all leave, including FMLA, and was terminated pursuant to Defendant's inflexible leave policy. Eddins received a termination letter from Defendant dated July 26, 2017, informing him of his termination pursuant to Defendant's leave policy.

19. Defendant terminated Eddins rather than accommodating him through flexibility in application of its leave policy or any other reasonable accommodations, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

20. On or about August 15, 2017, less than three weeks after his termination, Eddins received a release from his treating physician to return to work without restrictions. Eddins informed Defendant that he was released to return to work without restrictions. Defendant advised Eddins that he could reapply and be subject to the same process as new hires. Eddins sought and obtained employment elsewhere.

21. Similarly, Mathis is a qualified individual with a disability who could perform the essential functions of his job with or without an accommodation. He was employed by Defendant as a truck driver stationed in Houston, Texas for approximately twenty years until Defendant terminated his employment on or about July 26, 2017.

22. On or about April 27, 2017, Mathis requested and was granted FMLA leave. Mathis suffered from several medical conditions, including pneumonia, cellulitis in his left leg, and sleep apnea.

23. On or about July 26, 2017, Mathis exhausted all leave, including FMLA, and was terminated pursuant to Defendant's inflexible leave policy. Mathis received a termination letter from Defendant by mail informing him of his termination pursuant to Defendant's leave policy.

24. Defendant terminated Mathis rather than accommodating him through flexibility in application of its leave policy or any other reasonable accommodations, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

25. Approximately a week after his termination, Mathis received a release to work without restrictions. Defendant advised Mathis that he could reapply and be subject to the same process as new hires. Mathis sought and obtained employment elsewhere.

26. Defendant failed to engage in the interactive process with either Eddins or Mathis, did not offer to make a reasonable accommodation, and instead immediately terminated both Eddins and Mathis at the expiration of their FMLA leave.

27. The unlawful practices complained of above in paragraphs twelve (12) through twenty-six (26) were intentional.

28. The unlawful practices complained of above in paragraphs twelve (12) through twenty-six (26) were done with malice or with reckless indifference to the federally protected rights of Eddins and Mathis.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability, including the denial of reasonable accommodations to qualified individuals with disabilities and from discharging employees because they are disabled.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which

eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (1) amend its leave policy to state that Defendant must make exceptions to its policy when required by the ADA as a reasonable accommodation for employees with disabilities; (2) publicize that amendment to all present and future employees; and (3) adhere to the amendment.

C.  Order Defendant to make whole William Eddins, Jr. and Thomas Mathis by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D.  Order Defendant to make whole William Eddins, Jr. and Thomas Mathis by providing, as appropriate, compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs twelve (12) through twenty-six (26) above, including relocation expenses and job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant to pay William Eddins and Thomas Mathis punitive damages for its malicious and reckless conduct described in paragraphs twelve (12) through twenty-six (26) above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 29th day of July, 2019.

7

Respectfully Submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment
Opportunity Commissions
131 M. Street E
Washington, DC 20507

**MARSHA L. RUCKER**
Regional Attorney
(PA Bar No. 90041)
(205) 212-2046
marsha.rucker@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd St. South
Birmingham, Alabama 35205
Telephone: (205) 212-2046
Facsimile: (205) 212-2041