## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **v.** | )    **CIVIL ACTION NO.:** <br> )    **3:19-cv-002830-RV-EMT** |
| **GROENDYKE TRANSPORT, INC.,** | ) <br> ) |
| **and** | ) <br> ) |
| **MCKENZIE PROPERTY MANAGEMENT, INC., f/k/a MCKENZIE TANK LINES, INC.,** | ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

### CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or

"Commission") filed the above-captioned lawsuit on July 29, 2019 pursuant to Title

I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I

of the Civil Rights Act of 1991. In its Second Amended Complaint ("Complaint"),

the Commission alleged that McKenzie Property Management, Inc. and Groendyke

Transport, Inc., as the successor entity ("Defendants") violated the ADA by failing

to provide William Eddins, Jr. and Thomas Mathis ("Claimants") with a reasonable

accommodation of their disabilities and terminated them from their employment on

the basis of their disabilities. The Commission alleged that Defendants' conduct violated Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§12112(a) and (b)(5)(A). Defendants have denied that they engaged in unlawful discrimination or any other unlawful conduct. Nothing in this Agreement should be construed as an admission on the part of Defendants that they have engaged in unlawful discrimination or any other wrongdoing.

In the interest of resolving this matter and avoiding the expense of further litigation, the Commission and the Defendants (the "Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree.

The Parties do not object to the jurisdiction of the Court over this action. Each party hereby waives its right to a hearing and to the entry of findings of fact and conclusions of law. Venue is appropriate in the United States District Court for the Northern District of Florida, Pensacola Division.

The Parties agree that the Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The rights of Claimants and the Commission are protected adequately by this Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

# I.   **GENERAL PROVISIONS**

1.     This Consent Decree is entered into by the Commission and Defendants Groendyke Transport, Inc. and McKenzie Property Management, Inc. ("Defendants").

2.     This Consent Decree shall be final and binding between the Commission and Defendants.

3.     This Consent Decree shall resolve all claims which were raised by, or which could have been raised by, the EEOC in the Complaint, as amended, in Civil Action No. 3:19-cv-2830-RV/EMT.

4.     This Consent Decree shall be filed in the United States District Court for the Northern District of Florida, Pensacola Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5.     Any modification of this Consent Decree by any party shall be made by motion to the Court.

6.     The Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

7.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendants under the ADA.

8.     Nothing in this Consent Decree shall be construed to expand the obligations of Defendants under the ADA beyond that required by law, or if the ADA does not otherwise apply.  Specifically, the ADA and its obligations shall not apply to either Defendant if the Defendant does not employ the requisite number of employees within the meaning of the ADA including those terms as applicable pursuant to this Consent Decree. Specifically, McKenzie Property Management represents that it currently does not employ the requisite minimum number of employees and the ADA does not currently apply. To the extent a Defendant at some point does employ the requisite number of employees, and the ADA applies pursuant to law, Defendant(s) will implement the applicable portions of the ADA required by law and as set forth in this Consent Decree, and the Court retains jurisdiction for enforcement purposes of the terms of the Consent Decree.

9.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Defendants.  Any other claims by the Claimants (William Eddins, Jr., and Thomas Mathis) and Defendants are addressed through separate agreements, which shall not supersede or conflict with this Consent Decree and the EEOC shall not be a party to any such agreement.

## II.    NON-DISCRIMINATION AND NON-RETALIATION

10.    Defendants shall not subject any employee to discrimination or retaliation based on disability, which includes reasonable accommodation of the known disabilities of qualified individuals, and shall comply fully with all provisions of this Consent Decree and the ADA. Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined for the duration of this Consent Decree from discriminating or retaliating against an employee or applicant in violation of the ADA. The prohibited practices include, but are not limited to, the following:

a.  Refusing to provide a reasonable accommodation in accordance with the ADA; and

b.  Retaliating against any employee for asserting rights under the ADA or engaging in other activity protected by the ADA.

### III.    RELIEF TO CLAIMANTS

11.    Conditioned upon receipt of a release executed by William Eddins, Jr. substantially in the form attached as Exhibit A, Defendant McKenzie Property Management, Inc., shall pay Claimant William Eddins, Jr. the gross, aggregate sum of thirty-three thousand one hundred fifty dollars ($33,150.00 – the "Eddins Settlement Amount"). Nine thousand seven hundred fifty dollars ($9,750.00) of the Eddins Settlement Amount shall be attributed to alleged backpay damages and this

portion of the Eddins Settlement Amount will be subject to applicable taxes and other withholdings required by law, which Defendant McKenzie Property Management, Inc., will deduct. Twenty-three thousand four hundred dollars ($23,400.00) of the Eddins Settlement Amount shall be attributed to alleged emotional distress and mental anguish and shall not be subject to tax or other withholdings.

12.     Conditioned upon receipt of a release executed by Thomas Mathis substantially in the form attached as Exhibit A, Defendant McKenzie Property Management, Inc., shall pay Claimant Thomas Mathis the gross, aggregate sum of thirty-one thousand eight hundred fifty dollars ($31,850.00 – the "Mathis Settlement Amount"). Seven thousand eight hundred dollars ($7,800.00) of the Mathis Settlement amount shall be attributed to alleged backpay damages and this portion of the Mathis Settlement Amount will be subject to applicable taxes and other withholdings required by law, which Defendant McKenzie Property Management, Inc., will deduct. Twenty-four thousand and fifty dollars ($24,050.00) of the Mathis Settlement Amount shall be attributed to alleged emotional distress and mental anguish and shall not be subject to tax or other withholdings.

13.     Defendant McKenzie Property Management, Inc., shall calculate the deductions required by law to be taken, including but not limited to payroll taxes to be taken from the portion of the monetary relief for William Eddins, Jr. and Thomas Mathis ("Claimants") designated as taxable employment compensation (back pay)

and send a written accounting of those calculations to the Commission by sending a hard copy to Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205, and concurrently sending an electronic copy to the following email addresses: marsha.rucker@eeoc.gov, kurt.fischer@eeoc.gov. Defendant McKenzie Property Management, Inc., shall remit such required deductions to the appropriate government entity.

14.     The $65,000 total paid by Defendant McKenzie Property Management, Inc., shall represent full settlement of the claims brought by the Commission against Defendants which were the basis of the EEOC Charges filed by William Eddins, Jr. (EEOC Charge No. 425-2018-00059), the Complaint and this lawsuit, including, without limitation, all claims brought by the EEOC on behalf of Claimant Thomas Mathis.

15.     Upon receipt of the foregoing releases, and within 21 days of entry of this Decree, Defendant McKenzie Property Management, Inc., shall send payments to Claimants via certified mail to the addresses to be provided by the EEOC.

16.     Defendant McKenzie Property Management, Inc., shall issue payment of the monetary relief (less the required deductions referred to in paragraph 13) to Claimants by mailing checks payable to each Claimant to the address provided by the EEOC. Concurrently, Defendant McKenzie Property Management, Inc., shall mail a copy of the checks to the attention of Plaintiff's Regional Attorney, Equal

Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Concurrently, electronic copies of all such checks and correspondence will be delivered to the following email address: marsha.rucker@eeoc.gov, kurt.fischer@eeoc.gov. Defendant McKenzie Property Management, Inc., will promptly notify the Commission in the event any mailing to any Claimant is returned to Defendant McKenzie Property Management, Inc., as undeliverable or any check is not cashed within 30 days after it was mailed.

17. Defendant McKenzie Property Management, Inc., shall report all monetary payments to the Claimants under this Decree on IRS Form W-2 (for all taxable employment compensation, i.e. back pay and front pay) and/or IRS Form 1099 (for all compensatory damages), and shall provide the appropriate W-2 and/or 1099 forms to each Claimant at the conclusion of the tax year in which that Defendant McKenzie Property Management, Inc., paid the above-described monies by sending those forms to the address for each Claimant provided by the EEOC in the Distribution List, with copies to Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and via electronic mail at marsha.rucker@eeoc.gov.

18. Defendants will not condition the receipt of individual monetary relief upon the Claimants' agreement to: (a) maintain as confidential the terms of this Decree or

the facts of the case; (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities.

## IV. <u>ADDITIONAL RELIEF</u>

19.    Defendants shall segregate into confidential files, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references, and all facts or matters underlying or related to Claimants' participation in this action.

20.    Defendants, including its officers, agents, employees, successors, and assigns, shall be enjoined from providing negative, derogatory, or otherwise unfavorable information about William Eddins, Jr. or Thomas Mathis that relates to the character, reputation, conduct, and performance of either of them while employed with Defendant(s) to persons who contact Defendants, its officers, agents, employees, successors and assigns seeking employment, licensure, and character references or any other information related to them. In the event Defendants receive any request for information, whether verbal or written, from potential employers, prospective employers, or third parties seeking references or information about William Eddins, Jr. or Thomas Mathis, Defendants shall inform such potential employer(s), prospective employer(s), or third parties that its policy and practice is to provide only the dates of an individual's employment, the position held by that individual,

and, if requested by any Claimant, his final pay rate while employed at Defendant(s) and whether William Eddins, Jr. or Thomas Mathis were employed by Defendants. Notwithstanding the foregoing, nothing in this Consent Decree shall be construed as prohibiting Defendants from responding to or otherwise complying with a lawful court order issued after Defendants' communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are or may be subject to this Consent Decree.

## V.   **POLICIES AND PROCEDURES**

21.    Within 30 days of the entry of this Consent Decree, Defendants shall issue a written statement to all employees confirming its commitment to a workplace free of discriminatory practices, advising employees how to request reasonable accommodation of disabilities under the ADA, and encouraging employees to request reasonable accommodation of disabilities without fear of retaliation.

22.    Within 60 days of this Consent Decree, Defendants shall develop, or amend if already in existence, and shall disseminate to all employees, an anti-discrimination policy covering the laws enforced by EEOC, including:

    a.  A requirement that Defendants' managers, supervisors, and human resources employees be trained on the requirements of the ADA;

    b.  A requirement that Defendants provide notice to employees and applicants (via Defendants' policies and procedures, a poster displayed in a public area

of each of Defendant's facilities, and on Defendant's intranet and electronic bulletin boards) of their right to a reasonable accommodation;

c.  A provision for disciplinary action, up to and including termination, that shall be imposed on supervisors, managers, and human resources employees who violate the ADA, this Consent Decree, or Defendant's ADA policies and procedures;

d.  A process for employees to seek reasonable accommodation under the ADA;

e.  A process for employees to report complaints of ADA-related discrimination and retaliation;

f.  A system for ensuring the dissemination to all of Defendants' employees of a copy of Defendants' ADA policy and procedures;

g.  An assurance of non-retaliation for persons who wish to request a reasonable accommodation or who report that they have been discriminated against or witnessed discrimination in violation of the ADA;

h.  A process for conducting reasonable accommodation determinations and maintaining records reflecting that process;

i.  An assurance that Defendants will comply with its duty under the ADA to provide reasonable accommodations to qualified employees when doing so does not cause an undue hardship to it;

j.  A requirement that Defendants will engage in good faith in the ADA-required interactive process with employees with known disabilities to explore possible accommodations for those employees;  and

k.  A requirement that Defendants give individualized consideration, after engaging in an interactive process, to requests by qualified employees with disabilities for accommodation.

23.  Defendants shall promptly and appropriately investigate all complaints of discrimination and retaliation under the ADA. The investigation of all such complaints shall be documented.

24.  Defendants shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 60 days following the entry of this Consent Decree, or 10 days following the first dissemination to employees, whichever date is sooner.

25.  Once properly revised and disseminated in accordance with the provisions of this Consent Decree, Defendants shall provide a copy of the policies and procedures required by the Consent Decree to all new employees within three days of their hire. Any employees who were hired during the period between entry of this Consent Decree and final revision of Defendants' antidiscrimination policies and procedures shall also receive copies of these documents within three days of the final revision.

26.    Defendants shall post its policies and procedures required by this Consent Decree in prominent locations frequented by employees in each of its worksite locations as well as on its website.

27.    Within 90 days of this Consent Decree, Defendants shall report to the EEOC in writing on its efforts and actions to comply with each of the items under the "Policies and Procedures" section of this Consent Decree, including providing the EEOC with copies of all newly-implemented non-discrimination policies. Acceptance or review of these materials by the EEOC shall be for compliance monitoring purposes only.

## VI.    TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES

28.    Within 60 days of entry of this Consent Decree, Defendants shall provide a training session at least sixty minutes in length on the anti-discrimination laws enforced by the EEOC, including but not limited to the ADA's requirements regarding provision of reasonable accommodations to qualified individuals with disabilities. The training shall also include examples of discrimination, including examples of failure to provide reasonable accommodation, specific to Defendants' workplace. The training shall be given to all employees, supervisors, and managers. Defendants shall provide this training annually for the duration of this Consent Decree. The training may be conducted via an electronic training program.

29.    The training shall be presented by a trainer qualified by education and experience in the subject matter. Defendants shall submit to the EEOC, two weeks prior to each training, the name of the presenter and his or her qualifications. Within 30 days after completion of each training, Defendants shall provide the EEOC with a typed certification that all employees have received the necessary training, the typed names of the employees trained, and a date by which any employee absent at the time the training was conducted shall be trained. Any person who does not attend the trainings despite being presently employed with Defendants shall be trained within 30 days after scheduled training.

30.    The training and education for employees shall be made available via electronic training program for employees who are employed at the time of the training but absent from work when the training takes place. Employees hired subsequent to the periodic training sessions provided for above shall be trained via electronic training program within the first 30 days of their employment.

31.    Defendants shall generate a registry containing signatures of all persons in attendance of the trainings described above. All employees attending the training shall be instructed to sign the registry when they attend the entire training session or watch via electronic training program the entire training session. Defendants shall retain the registry for the duration of the Consent Decree.

32.    Defendants may add to this training depending on its needs.

33.     Defendants shall provide the EEOC at least 15 days advance notice of the date, time, location, and substance of the initial training and shall permit any representative of the Commission to access and observe the planned training upon the Commission giving reasonable notice to Defendants.

34.     Within 90 days of the entry of this Consent Decree, Defendants shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein. The report(s) shall be sent via electronic mail to Regional Attorney Marsha Rucker at marsha.rucker@eeoc.gov.

## VII.  **POSTING OF NOTICE**

35.     Defendants shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

36.     Within thirty (30) days after entry of this Consent Decree, Defendants shall each post 8½-inch-by-11-inch sized copies of the appropriate Notice attached as Exhibit B and C to the Consent Decree on all bulletin boards and any other locations where Defendants regularly post announcements and notices required by federal and/or state law or notices of employment-related policy or practice changes to employees, including electronic posting, except that the Notice shall not contain the header "Exhibit A." Defendants shall send by certified mail a copy of the signed

Notice, and a written certification by Defendants' Chief Executive Officer or other Authorized Representative of the date(s) and location of its posting, to the attention of the Regional Attorney of Plaintiff's Birmingham District Office, at the address set forth above, within ten (10) days of the posting. Defendants shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed.  Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendants shall re-post promptly a legible copy in the same manner as heretofore specified. The posted Notice shall be the same type, style and size as the printing on Exhibit B and C. This posting shall remain for the duration of this Consent Decree.

## VIII. <u>RECORDS RETENTION</u>

36.    The Defendants shall maintain the following records for the duration of this Consent Decree:

     (a)    Defendants' policies and procedures;

     (b)    Discrimination and retaliation complaints made by employees;

     (c)    All documents relating to any request for reasonable accommodation of a disability and any action taken by Defendants in response to any such request, including documentation of Defendants' interactive process and determinations made after engaging in such a process;

     (d)    All documents generated in connection with each complaint, investigation, and resolution of each complaint involving

allegations of violations of the ADA, including discrimination and retaliation;

(e)      All materials used in training provided pursuant to the terms of this Consent Decree; and

(f)      Attendance lists for all such training.

## IX.      **DISPUTE RESOLUTION**

37.     In the event that the Commission believes during the term of this Consent Decree that either Defendant has failed to comply with any provision of the Consent Decree, the Commission shall notify that Defendant or its counsel of the alleged non-compliance and shall afford that Defendant 10 calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If Defendant has not remedied the alleged non-compliance or satisfied the Commission that it has complied within 10 calendar days, the Commission may apply to the Court for appropriate relief.

## X.      **COSTS AND ATTORNEYS' FEES**

38.     The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## XI.      **DURATION OF CONSENT DECREE**

39.     The duration of this Consent Decree shall be three (3) years from its entry.

40.     The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this

Consent Decree.  Should the Court determine that either Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

41.      Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

42.      The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this _____ day of
_____, 2022.

_____
HONORABLE ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE

**APPROVED AND CONSENTED TO BY:**

_____
**AUTHORIZED REPRESENTATIVE**
**FOR DEFENDANT GROENDYKE TRANSPORT, INC.**

_____
**AUTHORIZED REPRESENTATIVE**
**FOR DEFENDANT**
**MCKENZIE PROPERTY MANAGEMENT, INC.**

**ATTORNEY FOR DEFENDANT**
**GROENDYKE TRANSPORT, INC.**

**ATTORNEY FOR DEFENDANT**
**MCKENZIE PROPERTY MANAGEMENT, INC.**

MARSHA RUCKER
Regional Attorney

Gerald Miller
Supervisory Trial Attorney

Kurt Fischer
Trial Attorney

**U. S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL  35205-2886
Telephone: (205) 651-7034
**ATTORNEYS FOR PLAINTIFF EEOC**

**AUTHORIZED REPRESENTATIVE**
**FOR DEFENDANT**
**MCKENZIE PROPERTY MANAGEMENT, INC.**


**ATTORNEY FOR DEFENDANT**
**GROENDYKE TRANSPORT, INC.**

— Jason Miller

**ATTORNEY FOR DEFENDANT**
**MCKENZIE PROPERTY MANAGEMENT, INC.**

**MARSHA RUCKER**
Regional Attorney

Gerald Miller
Supervisory Trial Attorney

Kurt Fischer
Trial Attorney

**U. S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 651-7034
**ATTORNEYS FOR PLAINTIFF EEOC**

**EXHIBIT A**

## EXHIBIT A

In consideration of payment of $_____33,150.00_____, paid to me on behalf of Groendyke Transport, Inc. and McKenzie Property Management, Inc. ("Defendants") in connection with resolution of *Equal Employment Opportunity Commission v. Groendyke Transport, Inc. and McKenzie Property Management, Inc. f/k/a McKenzie Tank Lines, Inc,* Civil Action No. 3:19-cv-002830-RV-EMT, I waive my right to recover any claims of disability discrimination arising under the ADA that I had against Defendants prior to the date of this release and that were included in the claims alleged in the EEOC's Second Amended Complaint.


*William E Ellis Jr*

**SIGNATURE**


*2-3-2022*

**DATE**

In consideration of payment of $ ___31,850.00___ , paid to me on behalf of Groendyke Transport, Inc. and McKenzie Property Management, Inc. ("Defendants") in connection with resolution of *Equal Employment Opportunity Commission v. Groendyke Transport, Inc. and McKenzie Property Management, Inc. f/k/a McKenzie Tank Lines, Inc,* Civil Action No. 3:19-cv-002830-RV-EMT, I waive my right to recover any claims of disability discrimination arising under the ADA that I had against Defendants prior to the date of this release and that were included in the claims alleged in the EEOC's Second Amended Complaint.


**SIGNATURE**                                                    2/4/2022
                                                                **DATE**

## EXHIBIT B
### (for Groendyke employees)

## NOTICE TO ALL FORMER
## MCKENZIE TANK LINE, INC. EMPLOYEES

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. McKenzie Tank Line Inc., now known as McKenzie Property Management, Inc., et al. (Civil Action No. 3:19-cv-002830-RV-EMT in the U.S. District Court for the Northern District of Florida).

It is unlawful under Title I of the Americans with Disabilities Act of 1990, *as amended*, ("ADA") to discriminate against an employee on the basis of disability. As your new employer Groendyke Transport, Inc. ("GTI") will provide reasonable accommodations to qualified employees when doing so does not cause an undue hardship to the company. GTI will engage in good faith in the required interactive process under the ADA to explore accommodations for employees in the workplace. GTI will give individualized consideration to all requests for reasonable accommodation, including requests for leave as an accommodation under the ADA and requests for assistance with physical duties such as lifting, moving, and pulling heavy objects as an accommodation under the ADA.

It is unlawful to retaliate against any person because the person engaged in any activity protected under the ADA, including opposing discriminatory conduct, or having contact with the EEOC. If you believe you or any other person has been subjected to disability discrimination, including being denied reasonable accommodation, during the course of your employment with GTI, you may contact the EEOC for assistance.

The ADA prohibits retaliation for requesting reasonable accommodation of a disability. The ADA also protects you from retaliation for (1) opposing discriminatory practices made unlawful by the ADA, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under the ADA, or (3) assisting or participating in an investigation or proceeding brought under the ADA. If you believe you or any other person is being retaliated against in violation of the ADA, you may contact the EEOC for assistance.

For information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed as follows: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.**

_02/11/2022_
Date

_Aaron Harmon_
On Behalf of Groendyke Transport, Inc.

### DO NOT REMOVE THIS NOTICE!

Page **21** of **23**

DO NOT REMOVE THIS NOTICE!
## EXHIBIT C

### NOTICE TO ALL
### MCKENZIE TANK LINE, INC. EMPLOYEES

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. McKenzie Tank Lines Inc., now known as McKenzie Property Management, Inc., et al. (Civil Action No. 3:19-cv-002830-RV-EMT in the U.S. District Court for the Northern District of Florida).

It is unlawful under Title I of the Americans with Disabilities Act of 1990, *as amended*, ("ADA") to discriminate against an employee on the basis of disability. McKenzie Property Management, Inc. ("MPM") will provide reasonable accommodations to qualified employees when doing so does not cause an undue hardship to the company. MPM will engage in good faith in the required interactive process under the ADA to explore accommodations for employees in the workplace. MPM will give individualized consideration to all requests for reasonable accommodation, including requests for leave as an accommodation under the ADA and requests for assistance with physical duties such as lifting, moving, and pulling heavy objects as an accommodation under the ADA.

It is unlawful to retaliate against any person because the person engaged in any activity protected under the ADA, including opposing discriminatory conduct, or having contact with the EEOC. If you believe you or any other person has been subjected to disability discrimination, including being denied reasonable accommodation, during the course of your employment with MPM, you may contact the EEOC for assistance.

The ADA prohibits retaliation for requesting reasonable accommodation of a disability. The ADA also protects you from retaliation for (1) opposing discriminatory practices made unlawful by the ADA, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under the ADA, or (3) assisting or participating in an investigation or proceeding brought under the ADA. If you believe you or any other person is being retaliated against in violation of the ADA, you may contact the EEOC for assistance.

For information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed as follows: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.**

| | |
|---|---|
| _____ | _____ |
| Date | On Behalf of McKenzie Property Management, Inc. |

DO NOT REMOVE THIS NOTICE!

<u>DO NOT REMOVE THIS NOTICE!</u>